IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **ARACELIS ROMAN GARCIA**<br><br>Plaintiff,<br><br>vs.<br><br>**SELECTOS GURABO, INC.; SELECTOS LOS PRADOS, INC.; PEDRO VAZQUEZ FLORES HIS WIFE REINA MORALES DE VAZQUEZ AND THE LEGAL CONJUGAL PARTNERSHIP COMPOSED BETWEEN THEM; ABC INSURANCE COMPANIES, DEF UNKNOWN DEFENDANTS**<br><br>Defendants. | CIVIL NO.<br><br>RE:TITLE VII DISCRIMINATION (SEX, RACE, COLOR); ADA DISCRIMINATION (HOSTILE WORKING ENVIRONMENT);SEXUAL HARASSMENT; UNJUSTIFIED DISMISSAL; RETALIATION; DEFAMATION; WAGES, BREACH OF EMPLOYMENT CONTRACT AND OTHER DAMAGES;<br><br>REQUEST FOR SUMMARY PROCEEDING UNDER 42 U.S.C. § 2000e-5(f)(5)<br><br>PLAINTIFF DEMANDS TRIAL BY JURY AND PUNITIVE DAMAGES |

# C O M P L A I N T

**TO THE HONORABLE COURT:**

**COMES NOW** Plaintiff Aracelis Roman Garcia, ("Roman"), through her undersigned counsel and very respectfully **ALLEGES, SOLICITS** and **PRAYS**:

### I. NATURE OF THE ACTION AND JURISDICTION

1.  Roman invokes this Honorable Court's federal question subject matter jurisdiction under 28 U.S.C. § 1331 for this action seeking compensatory damages, equitable and injunctive relief, costs and attorney's fees brought forth pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("**Title VII**"), and the American with Disabilities Act ("**ADA**"), 42 U.S.C. §§ 12101 *et seq.* as a result of defendants' continuous unlawful and willful employment practices (un-welcomed sexual harassment, hostile work environment, gender, race, color and disability discrimination, being

regarded as a disabled employee simply because of Plaintiff's excess weight, and retaliation), which lead to multiple continuous violations of her civil rights due to her sex/gender, perceived disability, race/color and because she engaged in statutorily protected activity under such federal laws and other local statutes, which eventually led to her discharge/termination from employment.

2. Roman further summons this Honorable Court's pendent/supplemental jurisdiction under 28 U.S.C. § 1367 seeking redress for violations of various Puerto Rico laws, including but not limited to, **Act No. 100** of June 30, 1959, 29 L.P.R.A. §§ 146 *et seq.*; **Act No. 69** of July 6, 1985, 29 L.P.R.A. §§ 1322 *et seq.*; **Act No. 17** of April 18, 1988, 29 L.P.R.A. §§ 155 *et seq.*; **Act No. 44** of July 2, 1985, 1 L.P.R.A. §§ 501 *et seq.*; **Law No. 80** of May 30, 1976, 29 L.P.R.A. §§ 185a-185l; **Puerto Rico's Defamation Statute, 32 L.P.R.A. §§ 3141-3149**; **Act No. 180** of July 27, 1998; Puerto Rico Minimum Wage, Vacation and Sick Leave Act; **Act No. 148** of June 30, 1969, 29 L.P.R.A.; Puerto Rico's Christmas Bonus Act; **Puerto Rico's Civil Code breach of obligations provisions, Puerto Rico's Constitution,** Article II, Sections 1, 8, 16, 20; **Article 1802** of Puerto Rico's Civil Code, 31 L.P.R.A. § 5141 and **Act No. 115** of December 20, 1991, 29 L.P.R.A. §§ 194a *et seq.*

3. Roman invokes this Honorable Court's supplemental/pendent jurisdiction under 28 U.S.C. § 1367 to hear and decide those claims arising under the Commonwealth of Puerto Rico's Constitution and other Puerto Rico laws invoked herein because such claims arose from the same nucleus of operative facts giving rise to Roman's claims under the federal laws invoked.

4. On **June 9, 2015**, Roman timely filed an administrative charge for sex/gender, race/color, disability discrimination, sexual harassment and hostile working environment, defamation, unjustified dismissal, retaliation and violation of her constitutional rights against her then joint/single employers, Defendant Selectos Gurabo, Inc. and Selectos Los Prados, Inc. (hereinafter "Selectos") and co-defendant Pedro Vazquez Flores ("Vazquez") in both his official and personal capacity with

the Puerto Rico's Department of Labor's Anti-Discrimination Unit ("ADU") and the Equal Employment Opportunity Commission ("EEOC"). Such administrative charge was assigned the following case number uadau15-409ch and 16H-2015-00621c.

5. On or about **February 5, 2016**, Roman received a Notice of Right to Sue issued by the EEOC hereby allowing Roman to timely file the present federal lawsuit claiming violations to the federal employment discrimination laws previously cited.

6. Roman seeks redress for the damages she suffered and continues to suffer as a result of defendants' continuous unlawful employment discrimination on the basis of her sex/gender (hostile working environment; sexual harassment), disability, defamation, violation of her constitutional rights, unjustified dismissal and for retaliation because she engaged in various statutorily protected activities by opposing the unlawful employment practices described herein below and which resulted in her termination from employment with Selectos.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) (1), (2).

8. Roman hereby specifically invokes 42 U.S.C. § 2000e-5(f) (5) to request that her Title VII claims in this case to be in every way expedited.

## II.  THE PARTIES

9. Roman is a black female citizen of the United States of America, of legal age, single, is currently employed as a Sales and Merchandise Supervisor and resides in Ceiba, Puerto Rico.

10. At all relevant times of the facts alleged in this Complaint, Roman was an employee within Title VII's and ADA's protected classes.

11. Roman is also a "qualified individual with a disability" within the meaning of such term as provided by the ADA and Puerto Rico law, as she was, at all times while employed at Selectos,

regarded or perceived as a disabled and obese person simply because she was overweight. She could also perform the essential job duties of her position.

12.     Roman is 5' 4" and weights 180 lbs.

13.     Selectos terminated Roman's employment on May 11, 2015 in an illegal, adverse and discriminatory manner because they regarded and/or perceived her as a disabled person, simply because of the fact that she was overweight.

14.     Roman could perform her former essential job functions with Selectos with or without reasonable accommodation.

15.     At all the relevant times of the facts alleged in this Complaint, Roman was an "employee" within the definition of such terms as defined by Title VII, 42 U.S.C. § 2000e(f), and the ADA.  42 U.S.C. § 12111.

16.     Roman was also an employee under the definition of such term as provided by the laws of the Commonwealth of Puerto Rico that have been invoked herein.

17.     Selectos are upon information and belief two domestic corporations duly organized, incorporated and operating under the laws of the Commonwealth of Puerto Rico.  Defendants Selectos' operations are substantially related and intertwined with each other; they share among themselves common management; have centralized control of their labor relations or personnel matters; their employees have been interchanged amongst them, they all share common ownership and at all relevant times hereto they shared inventory of the products they sold.  Both Selectos were Roman's single/joint employers.

18.     Selectos are corporations engaged in the retail departmentalized super market business and as such, they are engaged in an industry affecting commerce.  Selectos are also considered a

"person" within the meaning of such term as provided by Title VII, 42 U.S.C. § 2000(e) (a), and ADA, 42 U.S.C. § 12111(7).

19. Selectos are engaged in an industry affecting commerce within the meaning of such term as provided by Title VII, 42 U.S.C. § 2000(e) (h), and ADA, 42 U.S.C. § 12111(7).

20. Selectos are also an "employer" within the meaning of such term as provided by Title VII, 42 U.S.C. § 2000(e)(b), and the ADA, 42 U.S.C. § 12111(5)

21. Selectos are also an "employer" within the meaning of such term as provided by all the Puerto Rico statutes which have been invoked herein.

22. At all relevant times hereto, Selectos have employed thirty (30) or more employees.

23. At all relevant times to the facts alleged in this Complaint, Selectos employed Roman. As such, Selectos were Roman's employer.

24. Defendant **Pedro Vazquez Flores ("Pedro Vazquez")** is Selectos Owner and/or sole stockholder and/or Vice President and/or CEO and/or Supervisor and/or he at all times represented that he was, and as such he is an "agent" and/or an "employer" and/or a person within the definition of such terms as provided by Title VII, the ADA, and the other Puerto Rico laws which have been invoked herein.

25. Pedro Vazquez is being sued in his official capacity under Title VII as an agent of Selectos and in his personal capacity under those Puerto Rico laws which have been invoked herein. Pedro Vazquez is liable in his personal capacity under Puerto Rico law for the sexual harassment and hostile work environment he perpetrated against Roman and/or under Article 1802 of Puerto Rico's Civil Code for his tortious conduct towards Roman. *Rosario v. Distribuidora Kikuet, Inc.*, 2000 TSPR 193.

26.     Defendant legal conjugal partnership composed between Pedro Vazquez and his wife Reina Morales de Vazquez, are being sued for the damages caused to Roman by co-defendant Pedro Vazquez' actions and/or omissions.

27.     Defendants ABC Insurance Companies are the insurers of all the defendants herein. Defendants ABC Insurance Companies have insurance policies which at all times relevant hereto, were in full effect and cover the liabilities and/or unlawful acts which were committed by the defendants herein mentioned.

28.     Roman is using the fictitious names of ABC because at this time she does not know the real names of such insurance companies.  Once the real names become known, Roman will substitute those fictitious names with the real names of such party defendants.

29.     Defendants DEF are other parties that have engaged in unlawful acts against Roman. Roman is using the fictitious names of DEF because at this time she does not know the real names of such party defendants.  Once the real names become known, Roman will substitute those fictitious names with the real names of such party defendants.

30.     All defendants have received actual knowledge of Roman' administrative charges filed claiming sex/gender, race/color and disability discrimination, sexual harassment, hostile working environment; defamation, unjustified dismissal, unpaid wages and retaliation, all sounding in tort, which were filed before the ADU and the EEOC, as previously averred.

31.     All Defendants have jointly participated in continuous acts of unlawful employment discrimination and retaliation against Roman on account of her gender/sex, race/color, perceived disability and because Roman engaged in statutorily protected activity by grieving with Selectos Officials and/or denouncing and opposing unlawful employment and other illegal operating and administrative practices in violation to federal and Puerto Rico laws.

32. All defendants are jointly liable for the damages caused to Roman.

### III.    FACTUAL NARRATIVE COMMON TO ALL CLAIMS

33. During a meeting held on the morning of **April 3, 2014,** Roman was hired by Selecto's Co-Owner, **Mr. Nelson O. Vazquez Morales** (hereinafter "Nelson Vazquez" and/or "Vazquez Morales"), to occupy the position of Assistant Manager at the Selecto's Gurabo, Puerto Rico store.

34. Mr. Nelson Vazquez is Mr. Pedro Vazquez and Reina Morales de Vazquez' son.

35. Initially during the meeting Nelson Vazquez offered to pay Roman, among other things, a weekly salary of $525.00. Later during the meeting Nelson Vazquez agreed to increase the salary to $575.00 and as such crossed out the initial amount and handwrote and initialed the $575.00 amount. Additionally, the parties agreed during said meeting that Roman would receive, after the first three months of her employment, a revised weekly salary of $600.00.

36. Even though at the end of the meeting Roman requested that a new "clean" contract showing the agreed upon salary and conditions be drafted and given to her, Selectos never did.

37. Not only did Selectos fail to comply with its commitment to provide Roman with a copy of said contract, but they never paid Roman the difference in wages due to her, totaling $25.00 dollars a week, or $100.00 dollar per month, from the time she successfully completed her probationary period, on or around August 5, 2014, until the date she was illegally terminated from her employment on May 11, 2015; a period of approximately forty (40) weeks.

38. Because of Selectos' non-compliance with the before mentioned agreed upon weekly pay of $600.00, on various occasions Roman grieved to Mr. Orlando M. Roca, Selectos' Comptroller and requested, not only that she be given a copy of her employment contract, but that she be paid accordingly. Roman's grievances fell on deaf ears and only resulted shortly thereafter in her illegal termination from employment with Selectos on May 11, 2015.

39. Present during the meeting of April 3, 2014 were, besides Nelson Vazquez and Roman, Maritza Matos ("Matos"), Selectos' former Human Resources Director, and Julio Rivera ("Rivera"), Selectos' General Manager at the time.

40. Later that same day of April 3, 2014, and during the afternoon hours, Selectos also hired Ms. Zulma Ruiz, a slender female employee, to occupy the other position and/or shift of Assistant Manager at Selectos' Gurabo store.

41. Soon thereafter between the end April and June 2014, Selectos terminated the employment of both Maritza Matos and Julio Rivera, respectively.

42. The Selectos Gurabo store has approximately 100 employees.

43. Shortly after Roman physically commenced working at Selectos on or around May 7, 2014, she immediately began to feel isolated and rejected because of the cold, indifferent and differential treatment Selectos Officials, specifically Nelson Vazquez and Orlando Roca began giving her, as opposed to the favorable one they would continually give to Zulma Ruiz.

44. This disparate and favorable treatment against Roman and towards Zulma Ruiz by Selectos' Officials persisted throughout Roman's employment with Selectos and up until the date of her termination on May 11, 2015. As a matter of fact, Zulma Ruiz ("Ruiz") would later comment to Roman that she (Roman) was never liked in the Company.

45. For example, Selectos Officials at all times were very cordial to Ruiz and would consistently buy and/or bring her lunch, specifically different kind of sandwiches because she could not eat cheese. Selectos would mark Ruiz sandwiches as the ("the girl's sandwiches").

46. Selectos would also allow Ruiz to get to work late without any further consequences as opposed to Roman who, even though was hardly late for work, was asked to punch her time during

the morning because she twice, got to work at 5:04 a.m. and 5:08 a.m., that is four (4) and (8) minutes after her 5:00 a.m. starting time.

47. On various occasions Roman grieved and complained to Julio Rivera and Nelson Vazquez about this disparate treatment; however nothing was done by Selectos to correct and/or remedy said treatment. Rivera did once tell Roman initially that Nelson Vazquez had asked him if Roman had already quit her prior job with Walmart, because he (Nelson Vazquez) wanted to rescind Roman's contract. Rivera further told Roman that he told Nelson Vazquez at the time that he would not dismiss Roman and that if that was the Company's decision then Nelson Vazquez should be the one to tell Roman.

48. Roman continued to experience and/or be the victim of an intensified hostile work environment and/or of intensified disparate treatment and discriminatory actions, some of them subtle, and others not, directed against her by the owners of Selectos, that is, the father and son duo of Nelson and Pedro Vazquez and by Orlando Roca. All of these actors were Selectos Upper Management and Roman's supervisors, whose illegal behavior towards Roman was caused because of her color and/or race and/or sex and/or perceived disability.

49. On or around the end of **May 2014**, Roman asked Nelson Vazquez when she was going to receive the required training at Selectos' other store in Caguas just as Zulma Ruiz and Rivera had previously received. Nelson Vazquez simply responded that "for the moment" she would not be participating in said training. No reason or further explanation was given to Roman whom, until her termination date, was never allowed to participate in any training, despite other similarly situated employees received such job training as a result of her color, race, gender and perceived disability.

50. During the early days of her employment and at all relevant times hereto, Roman met and complied with all of her job requirements and performed within and beyond her employers' job

expectations. Even though Roman performed admirably and was a key factor in getting the Gurabo store to open in time during early **June 2014**, she would continue to be treated differently and be the victim of a hostile work environment because of her sex, race/color and because of her perceived disability.

51. **On or around May 26, 2014**, Pedro Vazquez, who continually was present at the Gurabo store and acted as a Supervisor to Roman and the others, specifically told Roman that she should not eat cake because she was fat. At the time Roman could not believe what she had heard and felt like answering back, however she abstained from doing so and from being disrespectful because of her values she had been taught at home.

52. Orlando M. Roca would at all times avoid speaking to Roman. However he was at all times friendly with Zulma Ruiz and with Keyla Rodriguez, ("Rodriguez") another slender female who was also hired by Selectos Gurabo as Front End Manager at the end of May 2014 and who was supposed to report directly to Roman, but never did.

53. Roca never trained Roman and failed to show her the payroll system as he did with Zulma Ruiz and Keyla Rodriguez. He further failed to give Roman access to the services Selectos would give its clients through its Client Services Department, nor did he give Roman access to mail employment letters, or access to verify employee wages, etc. when not only Zulma Ruiz had access and could perform these services but also Keyla Rodriguez, the new Front End Manager, could.

54. All of Selectos Upper Management condoned this disparate and discriminatory treatment because they regarded Roman's weight to be a disabling condition, as opposed to Ruiz and Rodriguez who were not overweight, and could, in Selectos Upper Management view, perform aptly and better than Roman.

55. Another instance of Selectos' improper discriminatory conduct towards Roman occurred when, in a negligent and/or purposeful way, Roca mismanaged Roman's social security retention money by adjudicating said money to a different social security number and later refused to correct his error causing Roman economic hardships.

56. Furthermore on or around February 2015, Nelson Vazquez in an improper and disrespectful way towards the black race, indicated to Roman, in front of another Selectos employee, Lissette, in a denigrating tone of voice "that there was a long way to go prior to someone considering him to be a black person".

57. Notwithstanding Selectos Official's continued rejection towards Roman, she kept performing her job the only way she knew how, that is, competently and admirably.

58. In an arrogant and domineering way, whenever Pedro Vazquez went to supervise the Selectos Gurabo store, he used to criticize and humiliate Roman in front of the other employees by telling her that she did not have any control of the store because Roman would allow the employees to do whatever they wanted.

59. Pedro Vazquez would come up to Roman and remind her in a disrespectful manner that he was the sole owner of the supermarkets because he was the only one with the money and everybody had to follow his instructions, including Nelson Vazquez and Orlando Roca, otherwise he stated that he would terminate them all. In a hostile manner he would further threaten Roman with termination should she misbehave or should she commit the slightest mistake. It was literally an environment full of hostility and disrespect where Roman was discriminatorily singled out, by not only Nelson Vazquez and Orlando Roca, but by Pedro Vazquez who was at all times the true owner of the Gurabo Store.

60. Both Nelson Vazquez and Orlando Roca at all times condoned, allowed and promoted Pedro Vazquez' behavior towards Roman.

61. On or around **June 2014**, Pedro Vazquez continued with the illegal hostile work environment, perceived disability discrimination and improper comments regarding Roman's weight when he mentioned to her that she would not be able to enter the Deli Department through the counter because she was fat. That she needed to practice going over the counter, however because of her weight, she probably would never be able to do so.

62. On another occasion on or around **August 2014** Pedro Vazquez yet again, and in front of Ruiz and Nelson Vazquez in the deli area commented, for no apparent reason that Roman's salary was going to waste and not only that, but every time he saw Roman she would be bigger and fatter.

63. **On September 17, 2014,** Pedro Vazquez, while staying at a hotel in Baltimore, Maryland, used his phone and took two videos of the room he was staying in and of the outside view from said room. During the videos, he prominently displayed and focused upon the white bed in his hotel room. He then proceeded to send said videos via text message to Roman's telephone with a message explaining to Roman that the videos displayed his room and the outside view from the room.

64. Roman felt uncomfortable once she received and looked at the videos and immediately thought they had an implicit sexual undertone and message behind it; specifically the white bed being so prominently displayed.

65. However, even though she simply answered the text message in a professional and respectful manner, she kept on thinking the videos were extremely improper with very strong sexual undertones behind them.

66. Roman never officially complained of this incident because she desperately needed her employment and because of the fact that Pedro Vazquez was the sole owner and power behind Selectos. She thought it would have been fruitless to complain, and based on Pedro Vazquez's previous conduct and comments to her, would have meant that she would have lost her four (4) month old job.

67. Roman did however grieve and showed the videos to a Selectos' female employee and asked her why in the world Pedro Vazquez would be sending these videos to her. The female employee immediately responded "Beware with whatever could be forthcoming".

68. Roman also showed the videos to Anthony Garcia, Selectos Meat Manager at the time who, after Roman told him that she feared for her job should she complain, he urged Roman to save and keep the videos in a safe place.

69. After this sexually charged incident occurred, Pedro Vazquez illegal, improper and disrespectful conduct towards Roman intensified.

70. Pedro Vazquez would continually comment directly to Roman: "I'm going to put you in a carrot and potato diet for five (5) years so you can reduce all that fat or blubber in your body"; "You have lost some weight, however with such a big ass ("nalgaje") and big thighs ("muslaje"), it is hard to notice. That also happens to Reina"; "Look at this chicken, it has a lot of grease and much hard skin "cuerito", just as you like it, right?"; "Because of your weight, you will never get sick; you're immune"; Every time I see you, you're getting fatter."

71. On another occasion and in front of an astonished Claro kiosk female employee (Ivette), Pedro Vazquez commented: "Let her (Roman) keep on eating the way she does, that is why she looks like that being so fat". After Ivette asked Pedro Vazquez why you humiliated Roman like that, he just chortled and walked away.

72. At all times pertinent to this complaint, and because of the multiple comments made to Roman by Selectos Officials regarding her weight and perveived obesity, they created a hostile work environment in which Roman was perceived and regarded as having an impairment or a physical disability covered by applicable federal and Puerto Rico laws. Because of this perception, Roman was terminated from her employment and as such suffered and continues to suffer mental pain and anguishes.

73. Roman was also victimized as such, simply because she was perceived as disabled because of her weight, she was treated differently than Ruiz and Rodriguez, who were not perceived as being overweight and/or disabled. Both Ruiz and Rodriguez were slender female employees.

74. Selectos never performed a written evaluation of the work that Roman performed during her employment tenure.

75. On or around **November 2014,** Roman was falsely slandered by Pedro and Nelson Vazquez when they conducted an illegal and improper investigation in which they falsely and publicly communicated to different Selectos employees without any need to know, that Roman was living and having an affair with another Selectos' employee named Benjie.

76. On or around that same month of **November 2014** Roman was furthered falsely slandered by Orlando Roca when he falsely and publicly communicated to different Selectos employees, without any need to know that Roman had illegally stolen $100.00 from the Client Services area.

77. The defamatory statements uttered and published by Selectos agents which affected Roman's dignity and reputation were heard by third parties that were not Roman's supervisors and did not have a right to know about the allege false, slanderous accusations made against Roman. As such, said publications are not covered or shielded by any intra-corporate communication doctrine.

Other employees of Selectos heard or became aware to the slanderous accusations made against Roman.

78. As a result of such false and slanderous accusations published by said individuals, Roman's reputation and character was negatively affected causing her severe moral and mental anguish.

79. On or around April 20, 2015, Roman sat down with Nelson Vazquez at the store's warehouse and grieved about: the deplorable warehouse conditions; how she had drafted a work plan for Mr. Carlos Ferrer, Grocery Manager, for him to follow regarding available products and others that needed to be ordered, which he did not follow; the fact that there was excess merchandise and other with expired dates; how no Selectos employee had a servsafe certificate, a fact he acknowledged; how Selectos was mismanaging its food supply in the area of the deli and other areas and how they were not complying with many of the Puerto Rico Fire Department's and OSHA safety requirements, among others. Soon after Roman engaged in such statutorily protected activity, she was fired from her employment with Selectos.

80. Roman was illegally and unjustly dismissed from her employment with Selectos.

81. During a meeting held on May 11, 2015, Roman was given an unsigned memorandum also dated May 11, 2015 indicating that, effectively immediately, she was being terminated from her employment with Selectos.

82. The memorandum, which was supposed to be signed by Nelson Vazquez, specifically indicated that Roman's position was being eliminated due to economic and reorganizational reasons. Nothing further from the truth.

83. The reasons given to justify Roman's termination were false and pre-textual and were strictly communicated to Roman just to cover up the real reasons for her termination, those being: the

fact that she was a black woman; the perceived fact that because of her excessive weight she could not further perform the functions of her position and the fact that she grieved opposing many of these and other of Selectos improper and illegal employment and administrative practices.

84. During the same week of Roman's termination from employment, Selectos hired 7 new employees. The week after that, it hired another person and the last week of May, it hired yet another employee for its Bakery Department.

85. Roman was replaced at her same job position and/or classification of Assistant Manager of the Selectos' Gurabo Store by Carlos Ferrer, a male executive, and not perceived as being disabled, who had also less seniority than her and lesser qualifications and job knowledge. That same day Ferrer was given access to the store's bolt's code. Immediately thereafter, Ferrer went on to assume and perform Roman's duties and responsibilities.

86. Roman's termination from employment was also unjustified and in violation of Puerto Rico Act No. 80, of May 30, 1976, 29 L.P.R.A. §185a, et seq.

87. Lastly and in yet another instance of Selectos improper and illegal treatment towards Roman, the Company owes her $600.00 because it failed to timely compensate for Roman's 2014 Christmas Bonus in violation of Act. No. 148 of June 30, 1969.

### III.   FIRST CAUSE OF ACTION

**TITLE VII: Sexual Harassment, Hostile Working Environment and Gender Discrimination**

88. Roman re-alleges each and every preceding allegation as if fully set forth herein and incorporates them hereto by reference.

89. Defendants have willfully violated Title VII's provisions by engaging in discriminatory employment practices against Roman on account of her gender. Defendants engaged and or permitted that Roman be subject to a sexual harassment hostile working environment and never

remedied this discrimination. As such, all defendants are jointly liable in compensatory damages against Roman for their unlawful conduct.

90. Defendants further illegally and pretextually replaced Roman with a male employee.

91. Roman hereby requests back pay for that period of time that she was without work as a result of Defendants' discriminatory practices. Roman further requests reinstatement to her prior position or front pay in lieu thereof and punitive damages.

## V. SECOND CAUSE OF ACTION
### (Disability Discrimination)

92. Roman re-alleges each and every preceding allegation as if fully set forth herein and incorporates them by reference hereto.

93. Defendants have discriminated against Roman on account of her perceived disability.

94. Defendants engaged in a hostile work environment against Roman, as opposed to Ruiz and Rodriguez, because Roman was overweight.

95. Defendants took adverse actions toward Roman, culminating in her termination from employment, because they regarded her as disabled simply because she was overweight.

96. Defendants have willfully violated ADA on account of her perceived disability. As such, defendants are liable in compensatory and punitive damages against Roman for their unlawful conduct.

97. Roman hereby requests compensatory damages, back pay and reinstatement, or front pay in lieu of reinstatement as a result of Defendants' discriminatory practices.

## VI. THIRD CAUSE OF ACTION
### (Violation of Constitutional Rights)
### (Violation to Article II, Sections 1, 3, 8, 16 and 20 of Puerto Rico's Constitution)

98. Roman alleges each and every preceding allegation as if fully set forth herein and incorporates them by reference hereto.

99. Defendants have violated Plaintiff Roman's rights secured under Article II, Sections 1, 8, 16 and 20 of Puerto Rico's Constitution by violating her protected rights to privacy, her dignity, reputation, health at the work place and discriminating against her on the basis of her sex/gender, race/color and perceived disability.

100. Plaintiff Roman is entitled to compensatory damages, back pay and front pay. Plaintiff has suffered considerable economic and personal damages as a result of Defendants willful conduct, including the sexual harassment she was subjected to as well as the denigrating and disrespectful comments as to her weight made by the owner of the Company. Plaintiff Roman demands compensation for these damages in an amount of not less than $500,000.00.

101. Roman prays that judgment be entered on her behalf and against the Defendants and that the Plaintiff be awarded all relief available to her by law and statute.

### IV. FOURTH CAUSE OF ACTION
**(Violation to Puerto Rico Laws Nos. 115, 100, 80, 69, 44, 148, 180, 17, Puerto Rico Defamation Statute, 32 L.P.R.A §§3141-31-49, Breach of Contract Statutes and Art. 1802 of Puerto Rico's Civil Code)**

102. Roman re-alleges each and every preceding allegation as if fully set forth herein and incorporates them by reference hereto.

103. Defendants have violated Roman's rights secured under Puerto Rico Laws Nos. 115, 100, 80, 69, 44, 180, 148, 32 L.P.R.A. §§ 3141-3149, 31 L.P.R.A. §5141 and 17, previously cited to herein. Defendants have discriminated against Roman on account of her sex (gender and sexual harassment), color/race and disability and in retaliation for having engaged in statutorily-protected conduct.

104. Defendants also breached Romans employment contract by failing to compensate her accordingly with a monthly differential of $100 for approximately a period of time of 9 months for a total amount owed of $2,000.00, including the double penalty under the law.

105. Defendants further defamed Roman causing her mental anguishes.

106. Defendants dismissed Roman without just cause, and as such, she is entitled to Act 80 compensation.

107. Roman is entitled to compensatory damages, back pay and front pay. Plaintiff has suffered economic and personal damages as a result of Defendants' unlawful conduct.

108. Roman is also owed an amount totaling $600.00 for the 2014 Christmas bonus.

**WHEREFORE**, premises considered, Roman prays that this Honorable Court enter Judgment against defendants and grant Roman the following relief:

(a) An award of compensatory damages, including but not limited to back pay and front pay and prejudgment interests, of not less than $1,000,000.00;

(b) An award of double compensatory damages under Laws Nos. 115, 100, 69, 44 and 17;

(c) An award of costs and reasonable attorney's fees; and punitive damages;

(d) Reinstatement;

(e) Puerto Rico Act 80 compensation in an amount of no less than $3,000.00.

(f) Puerto Rico Act 180 compensation in an amount of no less than $2,000.00.

(g) Puerto Rico Act No. 148 compensation in an amount of no less than $600.00.

(h) An award for punitive damages;

(i) Any other and further relief, which this Court may deem just, and proper.

(j) A trial by jury.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 29th day of April 2016.

_____            _____
**/s/ MANUEL E. LOPEZ FERNANDEZ**            **/s/ JOSÉ G. FAGOT DÍAZ**
**USDC PR NO. 205507**                       **USDC PR No. 204112**

**Attorney for Plaintiff**
B-12 Paseo del Prado
San Juan, PR 00926
Tel.: (787) 562-2040
email: lcdomanuel.lopez@gmail.com;
manrique.lopez@hotmail.com

**Attorney for Plaintif**
166 Presidente Ramirez St, Apt. # 2
Urb. Baldrich
Hato Rey, PR  00918
Tel:(787) 367-8702
email: jgf@fagot-law.com